UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| ALEXANDER CARNO,<br><br>Plaintiff,<br><br>-against-<br><br>CORRECT CARE INC., UNKNOWN CORRECTIONAL OFFICER (ONE), UNKNOWN CORRECTIONAL OFFICER (TWO), UNKNOWN NURSE (ONE), UNKNOWN NURSE (TWO), MEDICAL DIRECTOR OR CEO OF CORRECT CARE INC., SUPERINTENDENT OF WESTCHESTER COUNTY JAIL,<br><br>Defendants. | 17-cv-7998 (NSR)<br><br>ORDER GRANTING REQUEST FOR PRO BONO COUNSEL |

NELSON S. ROMÁN, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is granted

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated January 12, 2018, ECF No. 4.) When Plaintiff filed his Application for the Court to Request Counsel, Plaintiff affirmed that his financial status had not changed. (*See* Application for the Court to Request Counsel, ECF No. 96.) Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, *Monell v. Dept't of Soc. Serv. of the City of N.Y.*, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671

et seq. (*See* Complaint, ECF No. 2.). He alleges that his constitutional rights were violated when, after sitting upon a scalding radiator and suffering third-degree burns on his butt, he reported his injury to the correctional officers and nurse but was only given Tylenol and had to spend the night in his cell in excruciating pain. Plaintiff alleges that he was only sent to the hospital for emergency surgery the next morning. Plaintiff's third-degree burns have allegedly resulted in permanent nerve damage and rendered Plaintiff disabled and confined to a wheelchair indefinitely.

The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. But Plaintiff seems to have trouble articulating the appropriate parties, claims, and standards to make out his case. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. For example, Plaintiff asserts that he has been placed in solitary confinement and that the current jail-house lawyer has been transferred to another prison. In addition, Plaintiff's claims relate to medical and scientific issues with regards to which Plaintiff has difficulty articulating. Hence, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially

intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the Motion at ECF No. 96, to mail a copy of this Order to Plaintiff at his last address listed on ECF, and to file proof of service on the docket.

SO ORDERED.

Dated: July 31, 2019
        White Plains, New York

                                              NELSON S. ROMÁN
                                              United States District Judge